

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 13, 1995

Honorable W. Keith Oakley
Chair
Committee on Public Safety
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-315

Re: Interpretation of section 80.001 of the Human Resources Code, which concerns the duty of local law enforcement officials to perform fingerprinting services (RQ-718)

Dear Representative Oakley:

You ask this office to interpret section 80.001 of the Human Resources Code, which concerns the duty of local law enforcement officials to perform fingerprinting services.

Section 80.001 reads:

> (a) A state law enforcement agency or the law enforcement agency of any political subdivision of the state shall comply with the request of a person to have a record of his fingerprints made or a record of the fingerprints of a child or ward of the person made.

> (b) A law enforcement agency may not charge for the service provided under this section and may not retain records of fingerprints made under this section unless specifically requested to do so by the person requesting the service.

You note that some Texas law enforcement agencies are either refusing to provide such service or charging a fee for it, apparently taking the view that, as you put it, "the statute did not intend for local law enforcement officers to do free fingerprinting for anyone except children."

Accordingly, you ask three questions: first, whether a local law enforcement agency may refuse to provide fingerprinting services on request; second, whether it may charge for such services; and third, whether it may impose conditions (other than providing the service during normal business hours when staff is available) on providing such services.

We believe that the plain language of the statute addresses your concerns. As to your first question, a local law enforcement agency is required to perform the service, and may not refuse to do so. Section 80.001(a) provides that the agency "shall comply" with a request for this service. The language used by the legislature is mandatory, not precatory. BLACK'S LAW DICTIONARY 1375 (6th ed. 1990) ("As used in statutes, contracts, or the like, this word is generally imperative or mandatory[;] [i]n common or ordinary

signification, the term "shall" is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation").

Similarly, the language of section 80.001(b) plainly answers your second question. An agency "may not charge for the service provided under this section." Nothing in the provision suggests that this service is to be provided free of charge only to children. Such a reading would render the phrase "to have a record of his fingerprints made" surplusage. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987) (statutory language not to be treated as surplusage).

Nor does anything in the statute permit a local law enforcement agency to impose additional conditions on the performance of this service. The law imposes a duty on local law enforcement agencies which they must discharge without fee or restriction.

## S U M M A R Y

Section 80.001 of the Human Resources Code obliges state and local law enforcement agencies to provide free fingerprinting services to the public upon request and without additional conditions.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General